UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RAFAEL AYALA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:22-cv-00182-JPH-MJD |
| | ) |
| B. LAMMER, | ) |
| | ) |
| Respondent. | ) |

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Petitioner Rafael Ayala filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241 when he was incarcerated at the Federal Correctional Institution in Terre Haute, Indiana ("FCI Terre Haute"). Mr. Ayala claims that he was wrongfully denied time credits toward his sentence under the First Step Act of 2018 ("FSA"). Because Mr. Ayala's circumstances have changed since he filed his § 2241 petition, he is not entitled to relief, and his petition is **denied as moot**.

On May 10, 2017, Mr. Ayala was sentenced by the Honorable William T. Lawrence in the Southern District of Indiana to eighty-seven months of imprisonment to be followed by three years of supervised release. *United States v. Ayala*, 1:16-cr-00049-SEB-DLP-2, dkt. 87. His projected release date with Good Time Credit was August 27, 2023. *See* dkt. 29-1 at 7. Mr. Ayala was transferred to supervised release on August 26, 2022, a year before his scheduled release, because 365 days of FSA credit was applied to his term of imprisonment. Dkt. 29-1 at 2 ¶ 6, dkt. 29-1 at 6.

1

In his § 2241 petition, Mr. Ayala argued that he was entitled to more credit under the FSA than he was awarded. Dkt. 1. For relief, he asked to be released from the FCI Terre Haute. *See id.* at 5, 7, 8. In response, the respondent explained that Mr. Ayala's release date was properly calculated and that, because his release to a residential re-entry center was in the works, his claim was likely moot. Dkt. 10.

The respondent is correct that because Mr. Ayala has been released to supervised release as he requested in his petition, his claim—which sought as relief to have "earned FSA credits [] applied for my release", dkt. 1 at 5, and for the Court to "grant immediate release", *id.* at 8—is moot and this action must be dismissed. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160–61 (2016) ("If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot."). In later filings, Mr. Ayala suggested that the Court should reduce his 3-year term of supervised release to compensate him for the BOP's alleged failure to timely release him to supervised release. Dkt. 25 at 3. But "[h]abeas corpus is not a compensatory remedy. The object is not to make someone whole who has suffered a loss; it is to determine whether a person is being confined in violation of basic norms of legality." *Allen v. Duckworth*, 6 F.3d 458, 460 (7th Cir. 1993). Mr. Ayala has obtained the relief sought in his petition and would have to bring a separate legal action if he wishes to seek compensation for the alleged improper credit calculation.

Judgment dismissing this action without prejudice shall now issue.

**SO ORDERED.**

Date: 9/29/2023

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

RAFAEL AYALA
15115-028
3128 Hemlock Way
Indianapolis, IN 46203

Jeffrey D. Preston
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
jeffrey.preston@usdoj.gov